**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| William Rodgers,<br><br>              Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>              Defendant. | No. CV-15-08096-PCT-NVW<br><br>**ORDER** |

Plaintiff William Rodgers seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied him disability insurance benefits under sections 216(i) and 223(d) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and is not based on legal error, the Commissioner's decision will be affirmed.

**I.  BACKGROUND**

Plaintiff was born in April 1962. He completed three years of college and worked as an electrician. He has been diagnosed with irritable bowel syndrome and adjustment disorder with mixed anxiety and depression.

On January 28, 2010, Plaintiff applied for disability insurance benefits, alleging disability beginning January 1, 2009. On March 8, 2012, he appeared with his attorney

1  and testified at a hearing before the ALJ. On March 26, 2012, the ALJ issued a decision
2  that Plaintiff was not disabled within the meaning of the Social Security Act.

3  On March 11, 2013, the Appeals Council granted Plaintiff's request for review
4  under the substantial evidence provision of the Social Security Administration
5  regulations, 20 C.F.R. § 404.970. Under the authority of 20 C.F.R. § 404.977, the
6  Appeals Council vacated the ALJ's hearing decision and remanded the case to the ALJ
7  with instructions.

8  On March 5, 2013, the ALJ held a video hearing at which Plaintiff appeared with
9  his attorney and testified. On February 6, 2014, the ALJ issued a decision that Plaintiff
10 was not disabled within the meaning of the Social Security Act. On April 17, 2015, the
11 Appeals Council denied Plaintiff's request for review of the hearing decision, making the
12 ALJ's February 6, 2014 decision the Commissioner's final decision. On June 1, 2015,
13 Plaintiff sought review of the ALJ's February 6, 2014 decision by this Court.

14 **II.   STANDARD OF REVIEW**

15 The district court may set aside the Commissioner's disability determination only
16 if the determination is not supported by substantial evidence or is based on legal error.
17 *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a
18 scintilla, less than a preponderance, and relevant evidence that a reasonable person might
19 accept as adequate to support a conclusion considering the record as a whole. *Id.* As a
20 general rule, "[w]here the evidence is susceptible to more than one rational interpretation,
21 one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."
22 *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted); *accord*
23 *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is
24 susceptible to more than one rational interpretation, we must uphold the ALJ's findings if
25 they are supported by inferences reasonably drawn from the record.").

26 **III.  FIVE-STEP SEQUENTIAL EVALUATION**

27 To determine whether a claimant is disabled for purposes of the Social Security
28 Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). At the first step, the

ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a severe medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's residual functional capacity, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

In his March 26, 2012 decision, the ALJ found at step one that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2012, and that he had not engaged in substantial gainful activity since January 1, 2009. At step two, the ALJ found that Plaintiff had the following severe impairment: adjustment disorder with mixed emotional expression. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff:

> has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is capable of simple, unskilled work.

The ALJ further found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ concluded that, considering Plaintiff's age, education, work

experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform.

The Appeals Council remanded this case to the ALJ for a "more comprehensive discussion of the impact of the claimant's mental limitations on the claimant's residual functional capacity" and determination of the proper last dated insured for disability benefits. The Appeals Council stated that the ALJ's determination that Plaintiff's mental impairment limits him to simple, unskilled work "may not adequately account for the claimant's moderate limitations in concentration, persistence, or pace." The Appeals Council also stated that updated information indicated that Plaintiff's date last insured had changed from September 30, 2012, to September 30, 2014.

The Appeals Council ordered the ALJ to (1) obtain additional evidence concerning the claimant's mental impairments, including psychological testing and medical source statements, if warranted and available; (2) identify evidence supporting the assessed limitations in the claimant's maximum residual functional capacity; (3) explain why certain mental restrictions were found to affect the claimant's residual functional capacity; (4) include in the residual functional capacity specific restrictions related to concentration, persistence, or pace, or explain why they are not included; and (5) obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base.

On remand, at step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2015. The ALJ also found that Plaintiff engaged in substantial gainful activity from January 1, 2009, through December 31, 2010, although Plaintiff alleged disability beginning January 1, 2009. The ALJ found that Plaintiff did not engage in substantial gainful activity after December 31, 2010, for a continuous period of at least 12 months. The ALJ's remaining findings addressed the period following December 31, 2010.

At step two, the ALJ found that Plaintiff has the following medically determinable impairments: adjustment disorder with mixed anxiety and depressed mood and

posttraumatic stress disorder. After considering the evidence of record, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that has significantly limited, or is expected to significantly limit, his ability to perform basic work-related activities for 12 months. Therefore, at step two, the ALJ concluded Plaintiff does not have a severe impairment or combination of impairments. Upon that conclusion, Plaintiff is considered not disabled and the ALJ's inquiry was complete. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

## IV.   ANALYSIS

Plaintiff contends that the ALJ's second decision is invalid and not reviewable by the Court because the ALJ did not do everything ordered by the Appeals Council, and therefore the Court should review the ALJ's first decision. However, under 42 U.S.C.A. § 405(g), the Court has jurisdiction to review only final decisions of the Commissioner of Social Security. "A claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner." 20 C.F.R. § 422.210(a). The ALJ's first decision was reviewed by the Appeals Council and vacated. The first decision is not a final decision of the Commissioner, and the Court has no authority to review it. Therefore, the Court reviews only the ALJ's second decision, which was made final on April 17, 2015, when the Appeals Council denied Plaintiff's request for review.

Plaintiff also contends the ALJ failed to provide legally sufficient reasons for giving little weight to the March 6, 2012 medical source statement from treating physician Lisa Parsons, M.D. The form was completed by Joan Malone, Adult Psychiatric Mental Health Nurse Practitioner,[1] and Dr. Parsons added the statement, "I

---

[1] Under 20 C.F.R. § 404.1513(a), only licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists are considered "acceptable medical sources." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). "Other sources," including nurse practitioners and physicians' assistants, are not entitled to the same deference as "acceptable medical

agree with the assessments above by Joan Malone." Although Plaintiff contends that Dr. Parsons treated Plaintiff "for the entire relevant time period," none of the treatment records cited by Plaintiff show that Dr. Parsons ever personally saw Plaintiff.

In deciding weight to give any medical opinion, the ALJ must consider not only whether the source has a treating or examining relationship with the claimant, but also whether the treatment or examination is related to the alleged disability, the length of the relationship, frequency of examination, supporting evidence provided by the source, and medical specialization of the source. 20 C.F.R. § 404.1527(c). Generally, more weight should be given to the opinion of a treating physician than to the opinions of physicians who do not treat the claimant, and the weight afforded a non-examining physician's opinion depends on the extent to which he provides supporting explanations for his opinions. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). The opinion of any physician, including that of a treating physician, need not be accepted "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). An ALJ may reject standardized, check-the-box forms that do not contain any explanation of the bases for conclusions. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

The ALJ gave little weight to the March 6, 2012 medical source statement signed by Dr. Parsons because it does not cite specific objective clinical or diagnostic findings that support its conclusions, it appears to be largely based on Plaintiff's subjective complaints, and it is contradicted by the objective psychometric testing administered by the consultative psychological examiner. Further, the medical source statement opines that despite medication and counselling, Plaintiff would have "fair" to "poor" ability in nearly all domains of work-related mental functioning, including social interaction. But Plaintiff "reports being able to go out in public, engage in remunerative employment

---

sources." *Id.* Information from "other sources" cannot establish the existence of a medically determinable impairment.

activity where he interacts with co-workers, supervisors, and third persons, and that he has a stable marital relationship, and attends church services regularly." Thus, the ALJ provided legally sufficient reasons for giving little weight to the March 6, 2012 medical source statement signed by Dr. Parsons.

The decision of the ALJ is supported by substantial evidence and is not based on legal error.

IT IS THEREFORE ORDERED that the final decision of the Commissioner of Social Security is affirmed. The Clerk shall enter judgment accordingly and shall terminate this case.

Dated this 23rd day of March, 2016.

_____
Neil V. Wake
United States District Judge